**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2022[*]
Decided February 4, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-2238

| | |
|---|---|
| SAMUEL L. ISOM, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | |
| | No. 21-CV-300 |
| PAUL S. KEMPER, et al., | |
| *Defendants-Appellees.* | Lynn Adelman, |
| | *Judge*. |

**O R D E R**

Samuel Isom, a Wisconsin inmate, appeals the dismissal of his complaint alleging that prison officials were deliberately indifferent to his risk of contracting COVID-19 when they placed him in a unit with other inmates who had the disease. 42 U.S.C.

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. FED. R. APP. P. 34(a).

§ 1983. The district court dismissed Isom's amended complaint for failure to state a claim. We affirm.

We take as true the facts alleged in Isom's amended complaint, drawing all reasonable inferences in his favor. *See Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 751 (7th Cir. 2021). Isom, who has high blood pressure, kidney disease, and diabetes, maintains that prison guards at the Racine Correctional Institution housed him with "infected, COVID 19 inmates." He says that he apprised prison staff of his health concerns, that they responded by moving him to restrictive housing, and that the eight months he spent in isolation amounted to "cruel and unusual punishment."

The district court screened Isom's complaint, *see* 28 U.S.C. § 1915A, and dismissed it for failure to state a claim. Isom's allegations fell short, the court explained, because he did not suggest that he was confined under conditions that placed him at serious risk of harm or that any defendant acted with deliberate indifference. Isom amended his complaint to add allegations that his custody was elevated from medium to maximum, and that the prison continued to violate health guidelines after he complained of the risks to the warden and security director. The court dismissed the amended complaint for the same reasons, this time with prejudice.

On appeal, Isom maintains that prison officials ignored the guidelines of the Centers for Disease Control and Prevention and placed him at great risk of harm by forcing him into a unit with infected inmates (an assignment he now says lasted two days). He also argues that he should have been presented alternatives besides being "forced" into a restricted unit, which amounts to severe punishment of its own.

The district court appropriately dismissed Isom's complaint for failure to state a claim. To state a claim of deliberate indifference, Isom needed to allege plausibly that prison officials knew of a significant risk of serious harm and failed to take reasonable steps to mitigate or prevent that risk. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Peterson*, 986 F.3d at 752. As the court explained, Isom did not allege that any defendant acted with deliberate indifference. Significantly, even after being instructed by the court (in its initial screening order) that he needed to address how, where, and when each defendant violated his rights, Isom did not elaborate on the nature of his claim. In fact, the sequence of events he set forth in his complaint reflects that prison officials responded to his health concerns by moving him to another part of the prison isolated from inmates who may be infected. And as for his time in isolation, his allegations did

not allow a plausible inference that officials knew of and disregarded an excessive risk to his health or safety.

AFFIRMED